## The Logan-Long Co. *vs.* Roger Laudati, Inc.

APRIL 29, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action in assumpsit on book account. The trial in the Superior Court resulted in a verdict for the plaintiff for $3,483.50 and the case is before us on the defendant's exceptions as follows: To instructions to the jury; to the refusal to instruct as requested and to the denial of defendant's motion for a new trial.

The main contention between the parties was as to an item of $3,064.77 which represented a loss to the defendant occasioned by re-selling the plaintiff's products to the Providence Roofing Co. which later became insolvent.

The plaintiff, which sold only in carload lots, had for a considerable time sold roofing materials to the defendant. The plaintiff's salesman, one Sylvia, requested the defendant to re-sell the plaintiff's products in less than carload lots to the Providence Roofing Supply Co. and orally promised the defendant that the plaintiff would reimburse the defendant in the event that the Supply Co. failed to pay for

the goods. The defendant charged the goods in question to the Supply Co. and said salesman had no authority from his company to guarantee the credit of the Supply Co.

It is apparent that the plaintiff did not learn of its agent's promise until the Supply Co., by reason of its insolvency, was unable to pay its indebtedness to the defendant, at which time the plaintiff repudiated the promise. At this time the defendant was indebted to the plaintiff for a considerable amount in excess of the item in question. The defendant requested a credit for the amount of said item, and the plaintiff refused the request. Thereupon said salesman and the plaintiff's sales manager met by appointment with the defendant's treasurer and attorney and attempted to adjust the dispute. As a result of this meeting a letter to the defendant was written and signed by said manager for the plaintiff and delivered to defendant's treasurer. The letter contained language as follows:

> "Providence, R. I.
> December 17, 1928.

Roger Laudati, Inc.
Olneyville, R. I.
Gentlemen:

It is hereby agreed that all commissions due Frank C. Sylvia, Jr. on materials purchased by Roger Laudati, Inc., Olneyville, R. I. from the Logan-Long Company from this date shall be credited to Roger Laudati, Inc. and applied against the amount of $2,964.77 (or whatever the amount may be), the loss sustained in selling the Providence Roofing & Supply Company, Providence, R. I. which account was recommended by Frank C. Sylvia, Jr.

It is further agreed that should said Frank C. Sylvia, Jr. no longer be in the employ of the Logan-Long Company before the said amount is paid, said Logan-Long Company will continue to sell material to said Roger Laudati, Inc. at market prices so long as said Roger Laudati, Inc. meets its obligations to said

Logan-Long Company, and the commissions on all materials so purchased by Roger Laudati, Inc. from the Logan-Long Company shall be applied against said amount until the same is paid in full."

It is agreed that the salesman's commission for selling to the defendant was 5%.

The defendant's interpretation of said letter is to the effect that the plaintiff thereby promised to permit the account, to the extent of said item, to remain open and, until the amount of said item should be liquidated from commissions, to apply all commissions on goods thereafter sold to the defendant to the payment of said item.

The plaintiff contends that it agreed at said meeting to reimburse the defendant for his loss—by crediting defendant with the amount of the commissions on goods sold to the defendant—only in the event that the defendant promptly paid the indebtedness in full, including the item in dispute.

The defendant did not pay said item and the plaintiff refused to credit the defendant with commissions on the few orders which it thereafter gave the plaintiff.

The defendant argues that the interpretation which the plaintiff seeks to have placed on the above letter can be obtained only by resorting to oral testimony; and that oral testimony is inadmissible to vary or contradict a written instrument.

First of all it should be noted that the letter does not purport to contain all the terms of the agreement. The instrument was not executed by the defendant; and the document contains no language purporting to bind the defendant. The defendant's promise was oral. The language of the writing is not complete, clear and unambiguous. To determine what the agreement was it was necessary to resort to oral proof, and it is elementary that oral testimony is admissible to explain such an instrument and to aid in determining what the agreement was. *Continental Illustrating Co.* v. *Longley Motor Sales Co.*, 43 R. I. 552; *John-*

son v. *Kile & Morgan Co.*, 49 R. I. 99; *Hatch* v. *Sallinger*, 47 R. I. 395.

The plaintiff's contention was found by the jury to be correct. The trial justice has approved the verdict and we find no reason for holding that the verdict was against the weight of the evidence.

Defendant requested the court to charge that there was a *bona fide* dispute as to liability for said item. Whether the dispute was *bona fide* on the defendant's part was, if the issue was material, a question of fact. At said meeting the defendant was represented by able counsel who probably advised his client that, regardless of the question involving the Statute of Frauds, the promise of the salesman, in the absence of proof that he was authorized by his company to guarantee the account, could not be relied upon as a defense and that declarations of an agent are inadmissible to show that the agent had authority. Furthermore, the question is not very important for the reason that the plaintiff was not seeking to avoid the agreement on the alleged ground that there was no consideration for the plaintiff's promise.

Defendant's second exception is to the refusal of the trial justice to charge that the defendant's version of the agreement was correct. It was for the jury to determine what the agreement was.

The third exception is without merit.

The exceptions to instructions to the jury are without merit and require no consideration.

The defendant suggests that the jury should have given the defendant credit for an item of $243.50, the cost of shingles which the defendant contends were defective. The evidence is not very clear, and the jury were not bound to believe the testimony for the defendant upon this point.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Francis J. O'Brien,* for plaintiff.

*George F. Troy,* for defendant.